IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GREGORY EUGENE LUDWIG, 1208777,  )
      Petitioner,                    )
                                          )
v.                                         )        No. 3:08-CV-1239-B
                                          )
RICK THALER,                   )
Director TDCJ-CID,             )
      Respondent.                )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

On November 7, 2003, Petitioner pled guilty to possession of a controlled substance, enhanced by a prior felony. *State of Texas v. Gregory Eugene Ludwig*, No. F36780 (249th Jud. Dist. Ct., Johnson County, Tex. Nov. 7, 2003). Pursuant to a plea agreement, Petitioner was sentenced to eight years confinement.

On March 31, 2008, Petitioner filed a state habeas petition challenging his conviction and his denial of release to mandatory supervision. *Ex parte Ludwig*, No. 69,834-02. On June 4, 2008, the Court of Criminal Appeals denied the petition without written order.

On July 17, 2008, Petitioner filed the instant petition. He argues:

    1.     The Texas Board of Pardons and Paroles ("the Board") improperly applied Texas

>          Government Code 508.149 to him;

>     2.   The Board improperly denied him release to discretionary mandatory supervision;

>     3.   The Board and TDCJ improperly labeled his conviction as a "violent crime against person" offense; and

>     4.   His guilty plea was involuntary because he intended to plead guilty only to a third degree felony, not a second degree felony, and he was not properly admonished.

## II. Discussion

### A. Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254, provide:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal

principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *See Williams*, 529 U.S. at 307.

**B.     Mandatory Supervision**

Petitioner argues that the Board improperly applied TEX. GOV'T CODE § 508.149 to his conviction and that he is entitled to immediate release to mandatory supervision.

**(1)     Improper Application**

Petitioner argues that TEX. GOV'T CODE § 508.149, which governs mandatory supervision, does not apply to him. Section 508.149 states:

>   (b)     An inmate may not be release to mandatory supervision if a parole panel determines that: (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public.

TEX. GOV'T CODE § 508.149 (West 2001). In denying Petitioner release to mandatory supervision, the Board found, *inter alia*, that Petitioner's good conduct time was not an accurate reflection of his potential for rehabilitation and that his release would endanger the public.

Petitioner argues he is instead subject to TEX. GOV'T CODE § 508.147. Section 508.147(a) states:

>   (a)     *Except* as provided by Section 508.149, a parole panel shall order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced.

Tex. Gov't Code § 508.147 (West 2001) (emphasis added). The terms of the statute provide that § 508.147 will be applied in conjunction with § 508.149. Petitioner has failed to show the Board improperly applied § 508.149 to him.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -3-

**(2) Entitled to Release**

Petitioner argues he is entitled to immediate release to mandatory supervision. A constitutional expectancy of early release exists only in the mandatory supervision scheme in place in Texas for crimes committed before September 1, 1996. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000). Petitioner committed his crime in 2002. He has therefore failed to show he has a constitutional right to early release.

Petitioner, however, does have a protected liberty interest, and is entitled to due process protection, with respect to the decision to deny him release to mandatory supervision. *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007). This means that Petitioner must be given notice and a meaningful opportunity to be heard. *In re Geikin,* 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000). Typically, a Texas inmate is entitled to timely notice of the specific month and year when he will be reviewed for release on mandatory supervision. *Ex parte Retzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004). If release is denied, the Board must state in writing the reasons for the denial. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 16 (1979); TEX. GOV'T Code Ann. § 508.149(c).

Petitioner challenges the Board's 2007 and 2008 decisions to deny him release to mandatory supervision. Petitioner, however, received the required due process protections for these reviews. On May 16, 2007, Petitioner signed the notification that his next review for release to mandatory supervision would be in August, 2007. (*Ex parte Ludwig* at 48). He therefore received timely notice of the 2007 review. The notice informed Petitioner that he could submit information to the Board in writing by July 18, 2007. On August 8, 2007, Petitioner was notified in writing of the reasons for the denial of his release to mandatory

supervision. (*Ex parte Ludwig* at 51).

Petitioner also received the required due process regarding the 2008 decision to deny him release to mandatory supervision.[1] On April 16, 2008, Petitioner signed the notification that his next review for release to mandatory supervision would be in August, 2008. (*Ex parte Ludwig* at 49). The notice informed Petitioner that he could submit information to the Board in writing before June 17, 2008. (*Id.*) On July 17, 2008, the Board denied Petitioner release to mandatory supervision and provided the reasons for its denial. (Resp. Ex. B.)

Petitioner has failed to show that he was denied due process when the Board denied his release to mandatory supervision.

**C.      Crime of Violence**

Petitioner argues that the Board and TDCJ have wrongfully classified his offense as a "violent crime against person." To the extent that Petitioner claims the Board and TDCJ violated state law in determining his classification, he has failed to state a claim for habeas relief. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (stating that TDCJ's failure to follow its own administrative regulations does not raise federal constitutional issues as long as minimum constitutional requirements are met). Additionally, in classifying Petitioner as having committed a crime of violence, the Board determined that Petitioner had prior convictions for sexual performance of a child and injury to a child. (*Ex parte Ludwig* at 46, 52). Petitioner has failed to show this classification violated his constitutional rights.

---

[1] Respondent argues Petitioner's challenge to the 2008 decision to deny him release to mandatory supervision is unexhausted. Although the claims may be dismissed for a failure to exhaust state remedies, a federal court may also address § 2254 claims and deny those claims on the merits. *See* 28 U.S.C. § 2254(b)(2). The Court therefore considers the merits of Petitioner's claims.

**D. Guilty Plea**

Petitioner argues his guilty plea was not knowingly or voluntarily entered because he intended to plead guilty to a third degree felony and did not know the plea papers stated the offense was a second degree felony.

Respondent argues that Petitioner failed to exhaust his state remedies regarding this claim. On state habeas review, Petitioner argued the trial court erroneously marked the offense as a second degree felony. To exhaust state remedies, the federal claim must be the "substantial equivalent" of the claim presented to the state courts. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Although it appears the federal claim may be unexhausted, the Court also finds it is barred by the statute of limitations.

**(1)**     **Statue of Limitations**

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[2]

---

[2] The statute provides that the limitations period shall run from the latest of--

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2)

Petitioner was sentenced on November 7, 2003. He did not file an appeal. His conviction therefore became final thirty days later on December 8, 2003. *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until December 8, 2004, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On March 31, 2008, Petitioner filed a state petition for writ of habeas corpus. This petition did not toll the limitations period, however, because it was filed after the one-year limitations period expired.

Petitioner was required to file his federal petition by December 8, 2004. He did not file his petition until July 15, 2008. His petition is therefore untimely.

Petitioner also appears to argue that his petition is timely under § 2244(d)(1)(D). That section provides that limitations shall run from the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. In this case, Petitioner states he did not learn that he pled guilty to a second degree felony instead of a third degree felony until the state responded to his state habeas petition. Petitioner, however, signed plea

---

claim or claims presented could have been discovered
through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

papers which stated that he was pleading guilty to a second degree felony. (*Ex parte Ludwig* at 8.) The Court finds Petitioner knew, or should have known through the exercise of due diligence, that he was pleading guilty to a second degree felony at the time of his plea in 2003.

**(2) Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case. His claims regarding his guilty plea should be dismissed as barred by limitations.

**E.      Summary**

Plaintiff has failed to show that the state courts' determination to deny relief is contrary to or involves an unreasonable application of clearly established federal law and/or is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**:

The Court recommends that: (1) Petitioner's claims regarding his conviction should be dismissed as barred by the statute of limitations; and (2) Petitioner's remaining claims should be DENIED.

Signed this 18th day of November, 2010.

_____
**PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).